Peltier et al v. United States Parole Commission et al    Doc. 9
Case 5:05-cv-03484-RDR   Document 9   Filed 12/27/2005   Page 1 of 4
Case 1:04-cv-01529-ESH   Document 9   Filed 10/15/2004   Page 1 of 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



LEONARD PELTIER, *et al.*,

        Plaintiffs,

v.

UNITED STATES PAROLE COMMISSION, *et al.*,

        Defendants.

Civil Action No. 04-1529
(ESH)

05 3484 SAC

## MEMORANDUM OPINION AND ORDER

By amended complaint filed on October 12, 2004, plaintiffs have sued the United States Parole Commission, former and present Parole Commissioners, former and present United States Attorney Generals, the United States Bureau of Prisons, and former and present Directors of the Bureau of Prisons. Plaintiffs are inmates at the United States Penitentiary in Leavenworth, Kansas, having been convicted of killing federal law enforcement agents. Pursuant to a show cause order issued by this Court, plaintiffs have filed a response arguing that this is not an action for habeas corpus, since they seek monetary damages, as well as declaratory and/or injunctive relief based on defendants' alleged unlawful application of the 1987 amendment to the Comprehensive Crime Control Act of 1984, § 235(b)(3). As explained below, plaintiffs misapprehend the law relating to habeas corpus and cannot vest jurisdiction in this Court by recasting their complaint as one for damages or declaratory and injunctive relief.

The law in this Circuit is clear. Where a federal prisoner brings a claim that would have a "probabilistic impact" upon the duration of his custody, habeas corpus is the exclusive remedy. *See Bourke v. Hawk-Sawyer*, 269 F.3d 1072, 1074 (D.C. Cir. 2001), citing *Razzoli v. Federal Bureau of Prisons*, 230 F.3d 371, 373 (D.C. Cir. 2000). As was the case in *Bourke*, the crux of plaintiffs' claim is that they are being held unlawfully because a parole release date should have been set and even if they may not necessarily have succeeded in being released, their claim "would raise that possibility and thus have a 'probabilistic impact' upon the duration of his custody." *Bourke*, 269 F.2d at 1074.

Given the fact that plaintiffs' claim relates to the issue of parole eligibility, as was the case in *Razzoli*, habeas corpus is the exclusive remedy.[1] *See Muhammad v. Close*, 124 S. Ct. 1303, 1304 (2004) (*per curiam*) ("challenges to the validity of any confinement or to the particulars affecting its duration are the province of habeas corpus"). *Accord Preiser v. Rodriquez*, 411 U.S. 475, 489-903 (1973). Nor can plaintiffs evade this exclusivity rule by invoking § 1983 and arguing that this is a claim for money damages and thus covered by the footnote in *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 n.6 (D.C. Cir. 1988).[2] Even if this case is construed as an action for § 1983 damages against defendants in their official capacities or for damages against defendants in their individual capacities under *Bivens v. Six Unknown*

---

[1] Significantly, other cases involving the Parole Commission's application of § 235(b)(3) have been brought as habeas corpus petitions. *See, e.g., Lyons v. Mendez*, 303 F.3d 285 (3d Cir. 2002); *Piekarski v. Bogan*, 912 F.2d 224 (8th Cir. 1990). And in fact, plaintiffs have also filed habeas corpus petitions to challenge their confinement. Plaintiffs' Response to Court's Order to Show Cause at 2, n.2.

[2] Nor may plaintiffs rely on *Fletcher v. District of Columbia*, 370 F.3d 1223 (D.C. Cir. 2004). That case was not governed by *Razzoli*, since it involved a state prisoner. *Id.* at 1226-27. Here, plaintiffs are federal prisoners.

*Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), it is well settled that a prisoner may not seek damages for allegedly unconstitutional imprisonment unless "the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See also Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996). Since plaintiffs have failed to prove that their conviction or sentences have been overturned, they cannot avoid the need to proceed by way of habeas corpus.[3/]

Accordingly, since the proper respondent in habeas corpus cases is plaintiffs' warden, who is located in Kansas, *see Rumsfeld v. Padilla*, 124 S. Ct. 2711 (2004), *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1255 (D.C. Cir. 2004), the Court orders the Clerk of Court to transfer this matter to the United States District Court for the District of Kansas.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Dated: October 15, 2004

---

[3/] Nor may plaintiffs rely on *Wolff v. McDonald*, 418 U.S. 539, 554-55 (1974), to argue that their claims for injunctive and declaratory relief are properly before this Court. *Wolff* excepted declaratory judgment from the *Preiser* rule only as a predicate to a damages award based on the "conditions of confinement rather than the fact or length of custody." *Id.* at 554. Here, plaintiffs are challenging the length of custody, not their conditions of confinement.

-3-

```
MIME-Version:1.0
From:DCD_ECFNotice@dcd.uscourts.gov.
To:DCD_ECFNotice@dcd.uscourts.gov
Bcc:ESH_DCDecf@dcd.uscourts.gov,bbachrach@bowditch.com,cnadler@hewm.com,gwen_franklin@dcd.usco
Message-Id:<569642@dcd.uscourts.gov.>
Subject:Activity in Case 1:04-cv-01529-ESH PELTIER et al v. UNITED STATES PAROLE COMMISSION et
```

Content-Type: text/html

***NOTE TO PUBLIC ACCESS USERS***You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court

District of Columbia

Notice of Electronic Filing

The following transaction was received from BL, entered on 10/15/2004 at 10:12 AM and filed on 10/15/2004
**Case Name:** PELTIER et al v. UNITED STATES PAROLE COMMISSION et al
**Case Number:** 1:04-cv-1529
**Filer:**
**Document Number:** 9

**Docket Text:**
MEMORANDUM OPINION AND ORDER. Signed by Judge Ellen S. Huvelle on 10/15/04. (BL, )

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**O:\pdf files\04-1529, Peltier Mem Op.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=10/15/2004] [FileNumber=569640-0]
[1a0f5f6252a3b9733a82a02e60485e8d3dedcb62900799a2693eb3daa2bba3089228
07fdf92cb2ee7f10f60d6515a473aa4df096d941800045b8e9788077a82b]]

**1:04-cv-1529 Notice will be electronically mailed to:**

Barry A. Bachrach    bbachrach@bowditch.com, norourke@bowditch.com

Carl S. Nadler    cnadler@hewm.com,

**1:04-cv-1529 Notice will be delivered by other means to:**